UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY KOJA,

    Plaintiff,

v.

    Case No. 1:24-cv-709

    Hon. Hala Y. Jarbou

WALMART, INC., et al.,

    Defendants.
_____/

## OPINION

Plaintiff Sandy Koja sued Walmart, Inc. ("Walmart"), Wal-Mart Stores East, LP, and Adis Salkanovic in state court, asserting claims for negligence and premises liability. Walmart removed the case to this Court. Before the Court is Koja's motion to remand the case for lack of jurisdiction (ECF No. 9). For the reasons herein, the Court will grant the motion and remand the case.

## I. BACKGROUND

Koja alleges that she slipped and fell on a wet surface in a store owned and operated by Defendants Walmart and Wal-Mart Stores East, LP. (Am. Compl. ¶ 9, ECF No. 1-4.) She alleges that Salkanovic, an employee at the store, "maintained a spill" in an aisle of the store "without a wet floor sign." (*Id.* ¶ 10.) Salkanovic allegedly "failed to properly clean up the spill or otherwise safely maintain the [p]remises," and Koja slipped and fell on this spill. (*Id.* ¶¶ 11-12.) She claims that Defendants are liable for negligence, and that Walmart and Wal-Mart Stores East, LP are liable under a theory of premises liability.

Koja filed her initial complaint in Kent County Circuit Court on May 28, 2024, naming Walmart as the only defendant. (*See* Compl., ECF No. 1-2.) She served it on Walmart by mail postmarked June 7, 2024. (Service of Process Notification, ECF No. 1-3.) On July 1, 2024, she

filed an amended complaint naming Wal-Mart Stores East, LP and Salkanovic as additional defendants.

Walmart filed a notice of removal to this Court on July 10, 2024, contending that the Court has diversity jurisdiction because Koja is a resident and citizen of Michigan whereas Walmart is a citizen of Delaware, where it is incorporated, and Arkansas, where it has its principal place of business. (Notice of Removal, ECF No. 1, PageID.1.) Also, the amount in controversy exceeds $75,000 because Koja alleges that she suffered "severe injuries" from the fall and continues to suffer "debilitating" pain and impairment of bodily function. (Am. Compl. ¶ 16.)

Koja moves to remand the case to state court, arguing that the Court does not have subject matter jurisdiction because Koja and Salkanovic are both citizens of Michigan.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The Court must remand the case to state court if the Court lacks subject matter jurisdiction. Walmart relies upon diversity jurisdiction. "[D]iversity jurisdiction must exist at the time of removal." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017). Diversity jurisdiction requires complete diversity of the parties and an amount in controversy greater than $75,000. Koja's alleged injuries satisfy the latter requirement. As to the diversity requirement, the parties agree that Koja and Salkanovic are citizens of Michigan; however, Walmart offers several reasons why the Court can ignore Salkanovic's citizenship. None of these reasons are persuasive.

#### 1. Fraudulent Joinder

Walmart contends that the Court can disregard the citizenship of Salkanovic because he is not a proper party. In other words, Walmart contends that Koja "fraudulently joined" him to the action. "[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity

2

grounds." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 310 (6th Cir. 2020) (quoting *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Id.* (quoting *Saginaw Hous. Comm'n*, 576 F.3d at 624).

"The removing party has the burden to prove fraudulent joinder, and it 'must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.'" *Tennial v. Bank of Am., N.A.*, No. 17-6377, 2020 WL 2530872, at *2 (6th Cir. Apr. 15, 2020) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). Walmart's burden is a "heavy one." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.* (quoting *Bobby Jones Garden Apartments*, 391 F.2d at 176). "[A]ny disputed questions [of] fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 496 (6th Cir. 2016) (quoting *Alexander*, 13 F.3d at 949). More broadly, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

When deciding the motion to remand, the Court applies a test "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). "As appropriate," the Court can "pierce the pleading and

3

consider summary judgment evidence, such as affidavits presented by the parties." *Id.* (internal quotation marks omitted). "The court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.* (quoting *Walker*, 443 F. App'x at 956).

Walmart argues that Koja cannot maintain a cause of action against Salkanovic for negligence. Koja sues Walmart under a theory of premises liability, which "arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012). Koja sues Salkanovic under a negligence theory, but Walmart argues that her claim against Salkanovic sounds in premises liability only, not negligence. Neither party contends that Salkanovic could be liable for a premises liability claim.

Under Michigan precedent, the Court reviews the complaint as a whole to discern the "gravamen" of the action and can look "beyond mere procedural labels to determine the exact nature of the claim." *Jahnke v. Allen*, 865 N.W.2d 49, 51 (Mich. Ct. App. 2014) (quoting *Adams v. Adams (On Reconsideration)*, 742 N.W.2d 399, 403 (Mich. Ct. App. 2007)). For instance, where a plaintiff asserts a claim of injury because of "an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 822 N.W.2d at 258. Although "defendant may have created the condition on the land, that does not transform the premises liability action into one [for] ordinary negligence." *Jahnke*, 865 N.W.2d at 52.

But Michigan courts do recognize a separate negligence claim for "the overt acts of a premises owner on his or her premises." *Nathan v. David Leader Mgmt., Inc.*, 995 N.W.2d 567, 571 (Mich. Ct. App. 2022) (quoting *Kachudas v. Invaders Self Auto Wash, Inc.*, 781 N.W.2d 806

4

(Mich. 2010)). For instance, in *Laier v. Kitchen*, 702 N.W.2d 199 (Mich. Ct. App. 2005), the premises owner injured the plaintiff by negligently repairing and operating a front-end loader, causing the loader bucket to fall on the plaintiff. *Id.* at 209. That negligent conduct gave rise to a separate negligence claim in addition to a claim for premises liability. *Id.*

Unlike *Laier*, Koja alleges no overt conduct by Salkanovic *at the time of her fall* that caused her injury. Instead, the dominant thrust of her claim appears to be that Salkanovic failed to correct a dangerous condition in the store, which is the sort of claim that typically sounds in premises liability rather than negligence. Salkanovic supports these facts with an affidavit asserting that he was working in a different location of the store when Koja fell; his only involvement was responding to assist her after her injury. (Salkanovic Aff., ECF No. 11-1.)

This case is somewhat like *Weiss v. Blarney Castle Oil Co.*, No. 364327, 2023 WL 8868084 (Mich. Ct. App. Dec. 21, 2023), in which the plaintiff slipped and fell on the wet floor of the defendant's store. *Id.* at *1. The defendant's employee created the slippery conditions by mopping the floor moments before the fall; nevertheless, the court held that the plaintiff's claim "sounded solely in premises liability," not negligence. *Id.* at *4. His injury "arose from an alleged dangerous condition in the store—the wet floor"; "[t]he fact that . . . the clerk created the condition by mopping the floor . . . is immaterial." *Id.*; *accord Buhalis*, 822 N.W.2d at 258 (claim that plaintiff slipped on ice outside a store sounded in premises liability only, even though the plaintiff asserted that the store employees created the dangerous conditions). As in *Weiss*, Koja's injury allegedly arose from a dangerous condition in Walmart's store (the wet floor), which supports Walmart's argument that her claim sounds in premises liability rather than negligence.

But another slip-and-fall case left open the possibility for a different outcome under similar facts. In *Richards v. Meijer, Inc.*, No. 342766, 2019 WL 1780670 (Mich. Ct. App. Apr. 23, 2019),

5

a customer sued the store after slipping and falling on a wet floor. *Id.* at *1. The Michigan Court of Appeals agreed with the circuit court that the plaintiff's claim sounded in premises liability rather than negligence because the plaintiff "only alleged a claim based on the condition of defendant's premises"; she "did not allege a claim based on defendant's conduct." *Id.* at *4. However, the court expressly noted that the plaintiff might have stated a separate claim for negligence if she had alleged that "one of defendant's employees negligently attempted but failed to clean up a spill on the floor." *Id.* Koja makes allegations along those lines here. She alleges that Salkanovic "maintained a spill" on Walmart's premises and "failed to properly clean [it] up." (Am. Compl. ¶¶ 10-11.) Construing the allegations in her favor, Koja apparently contends that Salkanovic improperly tended to the spill that caused Koja's injury, which is conduct that *Richards* suggested could give rise to a separate negligence claim. Granted, Koja's allegations are somewhat vague and suggestive of inaction by Salkanovic rather than overt action, but the Court must give her pleadings more lenience than it would if the Court was assessing her allegations for failure to state a claim.

In light of *Richards*, it is *not* clear to the Court that there could be no recovery against Salkanovic for a negligence claim under Michigan law. To be sure, it is difficult to reconcile the reasoning in *Richards* with that of *Weiss* and *Buhalis*, which indicate that a slippery surface is a condition of the premises giving rise to claims for premises liability only, not negligence. Nevertheless, *Richards* suggests that a Michigan court *might* allow Koja to assert a negligence claim against Salkanovic for his alleged conduct in relation to the spill. Thus, there is arguably a reasonable basis for Koja's claim. Put another way, *Richards* points to an ambiguity or uncertainty in the law that the Court must resolve in Koja's favor.

Salkanovic's affidavit does not negate Koja's negligence theory of liability. Salkanovic contends that he was working in a different location of the store when he first learned about Koja's fall, but he does not say where he was working *before* that time. Thus, even assuming the statements in his affidavit are not disputed, they do not rule out the possibility that, before Koja fell, he was aware of the spill and negligently intervened, such as by attempting but failing to properly clean it up. *Richards* suggests that such a scenario would support a negligence claim separate from premises liability.

Accordingly, Walmart has not met its heavy burden of showing that Koja fraudulently joined Salkanovic. It is not clear to the Court that Michigan courts would disallow a negligence claim against Salkanovic based on the facts alleged. With Salkanovic as a party, diversity jurisdiction is not present because the parties are not completely diverse.

### 2. Respondeat Superior Liability

Walmart also argues that there is no reason to join Salkanovic to the case because Koja can obtain full relief from Walmart under a theory of respondeat superior. Even so, Koja chose to sue Salkanovic. She is the master of her complaint. Walmart points to no reason why she cannot sue both Salkanovic (the employee) and Walmart (the employer) for an injury arising from Salkanovic's allegedly negligent conduct. *Cf. Rogers v. J.B. Hunt Transp., Inc.*, 649 N.W.2d 23, 27-28 (Mich. 2002) (permitting suit against employer after default was entered against employee co-defendant). Her choice to do so destroys the Court's jurisdiction.

### 3. Lack of Service Before Removal

Walmart implies that its removal was proper because Koja had not yet served Salkanovic when it removed the action to this Court. Where an action is removable on the basis of diversity jurisdiction, the removal statute contains an added protection for defendants who are citizens of the forum state. "A civil action otherwise removable solely on the basis of [diversity jurisdiction]

7

*may not be removed* if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). By its terms, that protection applies to forum defendants "properly joined and served" at the time of removal. *Id.* Thus, it does not apply to Salkanovic, even though he is a citizen of Michigan. *See McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).").

Regardless, the forum-defendant rule in § 1441(b)(2) does not permit the Court to ignore Salkanovic's citizenship for purposes of subject matter jurisdiction. Diversity of citizenship is determined by looking at the face of the complaint, not by assessing which parties have been served. *See N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citing cases); *Bishop v. Bennett Motor Express, LLC*, No. 3:24-CV-00669, 2024 WL 3488071, at *5 (M.D. Tenn. July 19, 2024) (same); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all *named* plaintiffs and all *named* defendants . . . ." (emphases added)); *Medlen v. Estate of Meyers*, 273 F. App'x 464, 470-71 (6th Cir. 2008) (named defendant destroyed diversity jurisdiction even though that defendant was not served until after removal); *Godsey v. Miller*, 9 F. App'x 380, 383 (6th Cir. 2001) (noting that diversity was lacking on the face of the complaint and requiring the defendant to show fraudulent joinder). The forum-defendant rule is a limitation on removal, not an expansion of diversity jurisdiction. After all, the rule only applies when the action is "otherwise removable" on the basis of diversity jurisdiction. Thus, it does not permit removal here, where the parties named in the amended complaint are not completely diverse. *See In re Levy*, 52 F.4th 244,

248 (5th Cir. 2022) ("A defendant's 'non-diverse citizenship cannot be ignored simply because he was an unserved defendant.'" (quoting *Deshotel*, 142 F.3d at 883)).

### 4. Insufficient Facts Regarding Wal-Mart Stores East, LP

In addition to the lack of complete diversity between Koja and Salkanovic, Walmart does not address the fact that Wal-Mart Stores East, LP is also a defendant named in the amended complaint. Walmart's notice of removal does not identify the citizenship of Wal-Mart Stores East, LP. The citizenship of a limited partnership is the citizenship of each of its partners. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). In order to establish jurisdiction, Walmart must identify each of the partners of Wal-Mart Stores East, LP and their citizenships. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[T]he court needs to know the citizenship of each member of the company."). The Court knows from past cases that Wal-Mart Stores East, LP is not a citizen of Michigan, but that does not necessarily mean its citizenship is still the same. Thus, Walmart's notice of removal is also deficient as to Wal-Mart Stores East, LP.

### B. Attorney's Fees and Costs

Koja asks the Court to award her attorney's fees and costs under 28 U.S.C. § 1447 due to Walmart's improper removal of the case. That statute permits a court remanding a case to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).

The Court is not persuaded that such an award is warranted here. "Absent unusual circumstances, courts may award attorney's fees [and costs] under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Walmart had an objectively reasonable basis for asserting that

the Court could ignore Salkanovic's citizenship. It did not meet its burden of persuasion, but its arguments were not unreasonable.

### III. CONCLUSION

The Court will grant Koja's motion in part. The Court will remand the case but will not award Koja her attorney's fees or costs.

The Court will enter an order consistent with this Opinion.

Dated: October 3, 2024               /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE